EMMA JEAN McCLELLAN et al., Plaintiffs-Appellants, v. CHICAGO TRANSIT AUTHORITY et al., Defendants-Appellees.

(No. 61151;

First District (5th Division)—November 14, 1975.

Alan Kawitt, of Chicago, for appellants.

Baker & McKenzie, of Chicago (Francis D. Morrissey and Michael K. Murtaugh, of counsel), for appellee Flxible Co.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Emma Jean McClellan and Thelma Orr (hereinafter plaintiffs) appeal from a summary judgment in favor of defendant, Flxible Company.

On June 8, 1972, plaintiffs filed suit against the Chicago Transit Authority (hereinafter CTA) claiming that they were injured as a result of their falling while passengers on a CTA bus. Recovery was sought based upon a theory of negligence. That action is still pending in the trial court. On April 12, 1973, plaintiffs amended their complaint and joined Flxible Company. They claimed that design defects in the brakes and handrails were direct and proximate cause of their injuries, and that Flxible is to be held liable for all injuries.

Flxible filed an answer denying the allegations; it also filed interrogatories and took the discovery depositions of both plaintiffs. Flxible then filed a motion for summary judgment under section 57 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 57) stating that no genuine issue as to a material fact existed and that Flxible was entitled to a judgment as a matter of law.

In support of the motion Flxible stated that through discovery it was found that plaintiffs would be the only witnesses at trial, and that their testimony would be insufficient to prove any design defect. Their deposition testimony in pertinent part was that on August 31, 1971, they boarded a new, air-conditioned CTA bus. Unable to find seats, each assumed a standing position near the center of the bus. They held onto the vertical handrails which run from the floor to the ceiling of the bus. As the bus proceeded into an intersection, it stopped suddenly, and plaintiffs lost their balance. They fell and struck the metal handrails that run horizontally along the back of the standard two-occupant bus seat.

Plaintiffs filed an answer admitting that no other witnesses would be called, but that expert testimony would not be necessary and that the testimony of plaintiffs was sufficient to establish a triable issue of fact. After a hearing, summary judgment was entered for Flxible, and plaintiffs appeal.

OPINION

■■■ Plaintiffs contend that their testimony alone would be sufficient to establish by circumstantial evidence that the brakes and handrails were defectively designed. We disagree. None of the cases cited by plaintiffs are apposite to the instant case as they deal with either manufacturing defects or other products liability issues.

Contact with a product that results in injury does not give rise to any inference that the product was defective. (*Ryan v. Robeson's, Inc.*, 113 Ill.App.2d 416, 251 N.E.2d 545.) In order to impose strict liability for defective design, the plaintiff must establish that the product has not lived up to the required standard of safety. (*Wright v. Massey-Harris, Inc.*, 68 Ill.App.2d 70, 215 N.E.2d 465.) The standard of proof necessary

is that (1) the product as designed is incapable of preventing the injury complained of; (2) there existed an alternative design which would have prevented the injury; and (3) in terms of cost, practicability and technological possibility the alternative design was feasible. *Lolie v. Ohio Brass Co.* (7th Cir. 1974), 502 F.2d 741.

In dealing with a subject as complex as brake design or the interior design of a large commercial bus, it is inconceivable that the testimony of plaintiffs, admittedly not experts, would be sufficient to establish by the circumstances of the accident that there was a defect in product design. In view of the foregoing there remained no genuine issue of material fact, and summary judgment was properly granted.

Affirmed.

BARRETT, P. J., and LORENZ, J., concur.