JUNIOR C. OSTENDORF *et al.*, Plaintiffs-Appellants, *v.* JOSEPH BREWER *et al.*, Defendants-Appellees.

Fourth District   No. 13981

Opinion filed August 15, 1977.—Rehearing denied September 23, 1977.

W. G. Winkelmann, of Winkelmann & Winkelmann, of Urbana, for appellants.

Hurshal Tummelson, of Phillips, Phebus, Tummelson & Bryan, of Urbana, for appellee Joseph Brewer.

Tom Kolter, of Thomas, Mamer, Haughey & Miller, of Champaign, for appellee International Harvester Co.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiffs appeal certain judgments rendered against them in their multi-count action against defendants Joseph Brewer and International Harvester Company for injuries plaintiff Junior C. Ostendorf (hereinafter plaintiff) suffered when operating a tractor.

On October 26, 1973, plaintiff was employed by defendant Brewer to "spike" a field from which soybeans had been harvested. He operated a seven-year-old International Harvester Model 806 tractor owned by Brewer and the field upon which it was operated was owned by Brewer. Plaintiff drove the tractor during that morning and afternoon and refueled the tractor alone around 3 p.m. At approximately 6 p.m., plaintiff noticed unusual gas fumes as he drove the tractor into the wind. Shortly thereafter, the gas cap flew off the tank and a stream of fuel spurted out. Plaintiff was engulfed in a ball of flame and suffered injuries.

After suit was filed, defendant Brewer was granted summary judgment

on counts VII and VIII of the amended complaint, both of which were based on the theory of *res ipsa loquitur*. After trial, and while the jury was deliberating, the court directed a verdict in favor of defendant Brewer. Thereafter, the jury returned its verdict in favor of International Harvester.

Plaintiff does not challenge the directed verdict entered by the court, but instead attacks the summary judgment entered on counts VII and VIII of the amended complaint. In those counts, the plaintiff alleges that defendant Brewer is liable for plaintiff's injuries on the theory of *res ipsa loquitur*. In claiming that the court erred in granting the motion for summary judgment, the plaintiff states that he was precluded from relying on a theory of *res ipsa loquitur* by the fact that the court determined that Brewer no longer had actual physical control of the tractor at the time of the accident, which barred the application of the doctrine.

■■■ Plaintiff correctly states that a defendant need not be in actual physical control of instrumentality for the doctrine to apply. (*Martino v. Barra* (1973), 10 Ill. App. 3d 97, 293 N.E.2d 745.) However, the plaintiff is relying on an improper application of the rule as summarized in a comment to Illinois Pattern Jury Instruction, Civil, No. 22.01:

> " 'The agency or instrument which causes the injury need not be in the control or management of the defendant at the time the injury occurs. It is sufficient if the instrument has been in the control of the defendant at a time prior to the injury and there is no rational ground upon which to impute negligence to another with respect to the instrumentality after it left the defendant's control. *Cobb v. Marshal Field & Co.*, 22 Ill. App. 2d 143, 152, 159 N.E.2d 520, 524; *Bornstein v. Metropolitan Bottling Co.*, 26 N.J. 263, 270, 139 A.2d 404, 409 (1957).' " (10 Ill. App. 3d 97, 102, 293 N.E.2d 745, 749.)

In this case, the plaintiff, and not Brewer, had actual physical control of the tractor throughout the entire day of the occurrence. He failed to notice any pre-existing difficulties with the tractor during the 11-hour period of his control. He refueled the tractor approximately three hours before the accident. It was plaintiff who last refueled the tractor. It was he who last placed the gasoline cap on the tractor's gasoline tank. It was he who did not examine the cap before replacing it on the tank. Further, it was he who controlled the tractor and continued to operate it after smelling an unusually strong odor of gasoline or gasoline vapor. Under these facts, there is sufficient grounds to find that there were rational grounds upon which to impute negligence to another with respect to the tractor after it left Brewer's control. We find that the court's decision to grant the motion for summary judgment was not error.

The next issue is whether the jury verdicts for International Harvester were against the manifest weight of the evidence.

■■■ A case of strict liability is proved where it is established that plaintiff's injuries resulted from a condition of or defect in the product, that the condition or defect was unreasonably dangerous and that it existed when it left the manufacturer's control. (*Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182; *Taylor v. Carborundum Co.* (1969), 107 Ill. App. 2d 12, 246 N.E.2d 898.) Courts have held proof as to causation may be sufficient where the condition or defect is shown to be merely a "contributing" cause. (*Rivera v. Rockford Machine & Tool Co.* (1971), 1 Ill. App. 3d 641, 646, 274 N.E.2d 828, 831.) Direct or circumstantial evidence which tends to exclude extrinsic causes establishes a *prima facie* case under strict liability, and it is unnecessary for plaintiff to disprove every cause of the injury other than the one alleged. (*Bollmeier v. Ford Motor Co.* (1970), 130 Ill. App. 2d 844, 265 N.E.2d 212.) A failure to warn may constitute a "defect" in the product. *Frisch v. International Harvester Co.* (1975), 33 Ill. App. 3d 507, 338 N.E.2d 90.

■■ In the instant case it is necessary to consider the question of whether the tractor which was sold by International Harvester to Brewer "* * * was in a defective condition unreasonably dangerous to the user or consumer * * *." In this regard, our supreme court has stated that "[a] *prima facie* case that a product was defective and that the defect existed when it left the manufacturer's control is made by proof that in the absence of abnormal use or reasonable secondary causes the product failed 'to perform in the manner reasonably to be expected in light of [its] nature and intended function.' " *Tweedy v. Wright Ford Sales, Inc.* (1976), 64 Ill. 2d 570, 574, 357 N.E.2d 449, 452.

■■ Here the jury might reasonably have found that the use of the tractor involved was under conditions of abnormal use or that there were reasonable secondary causes of the failure of the product to perform in the manner reasonably to be expected. Although contributory negligence is not a defense in a case of strict liability, if plaintiff's failure to properly replace the gasoline cap were the sole and exclusive cause of his injury, there would be no absence of abnormal use or a secondary cause other than a defect in the product which caused the product to fail as referred to in *Tweedy*. Nor would a defect be a contributing cause as in *Rivera*. Plaintiff's failure in such case would be the excusive cause.

Plaintiff strongly relies on *Frisch*. In that case the court affirmed a judgment for injuries suffered when the plaintiff was burned after an International Harvester tractor gas cap blew off. The court found that Harvester's failure to warn in itself was a defect in the product. However,

in the instant case, plaintiff testified that he knew of the necessity of securing the gasoline cap tightly after refueling; therefore, no warning was necessary by plaintiff's own admission.

For a verdict to be reversed, it must clearly and palpably be against the manifest weight of the evidence, or an opposite conclusion must be clearly apparent. (*Rankin v. Hojka* (1976), 42 Ill. App. 3d 440, 355 N.E.2d 768; *Tuskey v. Callos* (1969), 112 Ill. App. 2d 213, 250 N.E.2d 524.) A jury verdict will not be reversed merely because it could have reached a different verdict or that the reviewing court is of the opinion that other conclusions would be more reasonable. *Kupcikevicius v. Fitzgibbons* (1976), 41 Ill. App. 3d 405, 354 N.E.2d 434.

■■ Plaintiff next argues numerous alleged trial errors. Plaintiff contends the court erred in admitting the tractor gas tank since there was a lack of foundation to indicate that the exhibit's condition was similar to its condition at the time of the explosion. Testimony indicated that the tank had been cleaned and painted after the incident, that there was no distortion of the tank or neck, and that the only marks left by lab testing were those made while putting other caps on the tank. The trial court did not err in admitting the exhibit. Trial exhibits need not be identically the same as at the time of the alleged injury for an exhibit is properly admitted if slight changes in its condition are pointed out. *Geiken v. Chicago Great Western R.R. Co.* (1937), 289 Ill. App. 45, 6 N.E.2d 690; see also Cleary, Handbook on Illinois Evidence §8.3, at 98 (1956).

■■■ Plaintiff states certain instruction errors occurred. With respect to the giving of plaintiff's instruction No. 11A following the refusal of plaintiff's tendered instruction No. 11, the issue is not properly before this court on appeal. It is settled in Illinois that a party may not complain on appeal to the giving of an instruction tendered by that same party. (*Morse v. Hardinger* (1976), 34 Ill. App. 3d 1020, 34 N.E.2d 172.) In regard to the refusal of plaintiff's tendered instruction Nos. 12, 17 and 17A, it is alleged that the court erred in failing to instruct that a failure to give a warning might constitute a defective condition. The court, however, did instruct the jury regarding the issue of failure to warn. Once clearly stated, a rule of law need not be repeated in a different form of instruction. (*Endurance Paving Co. v. Pappas* (1969), 117 Ill. App. 2d 81, 253 N.E.2d 895; see also *Gaenzele v. B. E. Wallace Products Corp.* (1976), 39 Ill. App. 3d 93, 350 N.E.2d 571.) In regard to plaintiff's tendered instruction No. 14, the *Gaenzele* court also refused to give that identical instruction as being needlessly repetitious. Plaintiff alleges error in the refusal to give instruction No. 16; however, that instruction is a substantial rewording of International Harvester's instruction No. 2 which was read to the jury. Therefore, the reading of that instruction would also be repetitious. *Gaenzele.*

■■ Plaintiff further appears to allege error in the giving of International Harvester's instruction No. 1, which informs the jury that International Harvester has the burden of proving assumption of risk, the alleged error being that there is insufficient evidence to raise this issue. The evidence of the danger of gasoline fumes or gasoline escaping from the tank if the gasoline tank cap is not properly replaced is one which the jury would have been justified in believing existed and one of which they were entitled to believe plaintiff was aware. Assumption of risk is an affirmative defense which may bar recovery in a strict liability action. (*Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305.) The court did not err in giving defendant's instruction No. 1.

■■ Finally, plaintiff claims reversible error in the reading to the jury of the withdrawn instruction of defendant Brewer relating to the issue of contributory negligence. This instruction is correct in substance because the plaintiff did in fact have the duty of ordinary care before and at the time of the occurrence as to the defendant Brewer. The only complaint concerning the instruction itself is that it is not, by its own terms, specifically limited to the claim against Brewer. No objection was made to the reading of that instruction, but when the oversight was brought to the court's attention by International Harvester's attorney, an unrecorded side bar conference occurred after which the court corrected his error to the jury. At the time this correction was made, plaintiff did not object. The court then proceeded to finish reading the instructions including the issues and burden instructions. The written instructions were sent to the jury, omitting the instruction that was withdrawn.

In this case, plaintiff objected neither to the reading of the instruction nor to the trial court's method of correcting an erroneous instruction. This court therefore finds that the alleged error was waived by the plaintiff. (See *Nitrin, Inc. v. Bethlehem Steel Corp.* (1976), 35 Ill. App. 3d 596, 342 N.E.2d 79.) The judgments of the trial court are affirmed.

Affirmed.

CRAVEN, P. J., and REARDON, J., concur.