KEITH LANCASTER, Plaintiff-Appellant, *v.* JEFFREY GALION, INC., *et al.*, Defendants-Appellees.

Second District No. 78-162

Opinion filed November 1, 1979.

820

WOODWARD, J., specially concurring.

Donald J. Miller, of Forreston, for appellant.

Eugene E. Brassfield, of Brassfield, Cowan & Howard, and Graves, Greenwald, Maier & Miner, both of Rockford, for appellees.

Mr. JUSTICE LINDBERG delivered the opinion of the court.

This is an appeal from the judgment of the Circuit Court of Winnebago County entered for the defendants Jeffrey Galion, Inc., and Howell Tractor and Equipment Company, and against the plaintiff, Keith Lancaster. Judgment for the defendants was based upon the jury's affirmative answer to a special interrogatory which the trial court found inconsistent with the jury's general verdict for the plaintiff for $185,000. Plaintiff appeals on the ground that the trial court erred in giving the special interrogatory over the objection of the plaintiff and that the plaintiff's objection was sufficiently specific to preserve the issue for review.

On the morning of June 19, 1972, plaintiff was injured while working as an employee of Rockford Blacktop Construction Co. A tandem roller manufactured by defendant, Galion, and sold to Rockford Blacktop by defendant, Howell Tractor, struck and severely injured plaintiff's left leg. Ronald Herbig, a co-employee and operator of the roller, testified at trial that he arrived at work at 6:15 on the morning of the accident, spoke to the plaintiff for a few moments, and then started the roller to let it warm up. Plaintiff was standing on the ground three to six feet in back of the roller preparing his road paver for the day's work. The roller was apparently in gear at the time the engine was started and, when Herbig released the parking brake and disengaged the clutch, the machine jumped backward, striking the plaintiff. Plaintiff subsequently brought suit against defendants on a theory of strict product liability, alleging that the roller was unreasonably dangerous at the time it left the possession

and control of the defendants in that it contained no neutral start switch, no ignition lock, and no warning or directional signs indicating the position of the gear shift lever and diverter valve.

In the conference on instructions defendants tendered the following special interrogatory to which plaintiff objected:

"Does the jury find from a preponderance of the evidence that the misuse of the roller by Ronald Herbig, an employee of Rockford Blacktop, was the proximate cause of the injuries sustained by the plaintiff in the occurrence in question?

ANSWER:
YES _____
NO _____"

After considerable discussion the trial court overruled the plaintiff's objection and the special interrogatory was submitted to the jury. The jury returned a general verdict in favor of the plaintiff, but answered the interrogatory in the affirmative. On motion by defendant, the trial court set aside the general verdict and entered judgment for defendants on the answer to the special interrogatory. The plaintiff's post-trial motion was subsequently denied, and this appeal followed.

We first address the issue of whether plaintiff adequately preserved his objection to the special interrogatory for review by this court. Special interrogatories shall be tendered, objected to, ruled upon, and submitted to the jury as in the case of instructions. (Ill. Rev. Stat. 1977, ch. 110, par. 65.) Counsel may object at the conference on instructions to any instruction prepared at the court's direction, regardless of who prepared it, and the court shall rule on these objections as well as objections to other instructions, the grounds for these objections shall be particularly specified. (Ill. Rev. Stat. 1977, ch. 110A, par. 239(b).) Our supreme court has recently held:

"To preserve an objection to an interrogatory as well as an instruction, one must set forth with specificity so the trial court is advised of the specific nature of the objection before ruling. (Supreme Court Rule 239(b), 58 Ill. 2d R. 239(b); *Delaney v. Badame* (1971), 49 Ill. 2d 168, 178; see *Havlovic v. Scilingo* (1972), 7 Ill. App. 3d 918.) Additionally, even if plaintiff had properly objected, he is still required to tender a proper instruction. Supreme Court Rule 366(b)(2)(i), 58 Ill. 2d, R.366(b)(2)(i); *Department of Public Works & Buildings v. Klehm* (1973), 56 Ill. 2d 121, 127, *cert. denied* (1974), 417 U.S. 947, 41 L. Ed. 2d 667, 94 S. Ct. 3072." *Saldana v. Wirtz Cartage Co.* (1978), 74 Ill. 2d 379, 387, 385 N.E.2d 664, 668.

Defendants argue that the plaintiff failed to present a specific

822

objection at trial to the *form* of special interrogatory, and thus suggest that the issue has been waived.

During a reconvened conference on instructions, plaintiff objected to the interrogatory tendered by the defendant, even asking for a brief recess to go to the library to provide the trial court with the specific case upon which plaintiff based his objection that the special interrogatory did not go to an ultimate fact and was therefore improper. In his argument plaintiff maintained that the unreasonably dangerous condition of the roller when it left the manufacturer's control was the ultimate fact in the case and further that the special interrogatory would impute the negligence of Herbig to the plaintiff contrary to the holding in *Lewis v. Stran Steel Corp.* (1974), 57 Ill. 2d 94, 311 N.E.2d 128. It is also clear that the trial court was fully informed as to the basis of the plaintiff's objection since it joined in the colloquy by clarifying the meaning of ultimate fact as one that would control the verdict and by observing that misuse was not an affirmative defense.

This, then, is clearly not a case like *Struthers v. Jack Baulos, Inc.* (1977), 52 Ill. App. 3d 823, 825, 368 N.E.2d 148, where the plaintiff made only a "general objection 'for the record.' " Here plaintiff made a specific, substantive objection. Apparently defendants concede that the objection was sufficient to preserve review of the substance of the interrogatory;[1] defendants argue, however, that the issue of the form of the interrogatory was waived. The *Struthers* case highlights the problem of trying to distinguish between the form and substance of an interrogatory. There the challenged special interrogatory erroneously defined contributory negligence in terms of "due care and caution" instead of "ordinary care." Further it made no reference to proximate cause. While these shortcomings may be classified as errors in form, the court found that the interrogatory, as given, was not inconsistent with the general verdict. (52 Ill. App. 3d 823, 827.) In short, a defect in form can also cause a special interrogatory to fail to control an ultimate issue of fact. Thus we would have serious reservations against precluding the consideration of the question of form if such a consideration were necessary for a resolution of this cause. However, because we find that plaintiff's objection was improperly denied, we find no need to further discuss the issue of form.

We now turn to the merits of plaintiff's objection to the special

[1] The above-quoted language from *Saldana* should not be read to impose upon the plaintiff here the additional responsibility of submitting a curative interrogatory. Supreme Court Rule 366(b)(2)(i) (Ill. Rev. Stat. 1975, ch. 110A, par. 366(b)(2)(i)) states "No party may raise on appeal the *failure to give an instruction* unless he shall have tendered it." (Emphasis added.) In the instant appeal, the plaintiff is not raising the *failure to give* an instruction (interrogatory) but rather he is raising the overruling of his objection to an interrogatory that *was given*. The plaintiff was under no obligation to tender an alternative interrogatory or clarifying instruction.

interrogatory. The basis of this objection was that the interrogatory did not go to an ultimate material fact that would control the general verdict because, as a matter of law, an injured person is not barred from recovery against a manufacturer or seller for an injury caused by the "misuse" of a product unless that "misuse" was not reasonably foreseeable by the manufacturer. However, defendants argued during the conference on instructions that their theory of defense was that it was not the alleged dangerous condition of the roller, but rather Herbig's "misuse" of the roller that was the proximate cause of the occurrence and that proximate cause is an ultimate material fact in a strict product liability case. The trial court construed the special interrogatory in the context of the proximate cause instruction derived from Illinois Pattern Instructions, Civil, No. 1501 (2d ed. 1971) and elected to give the special interrogatory.

■■■ It is well settled in this State that "misuse" of a product may bar recovery in an action for strict liability in tort. (*Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 425, 261 N.E.2d 305, 309; *Lewis v. Stran Steel Corp.* (1974), 57 Ill. 2d 94, 102, 311 N.E.2d 128, 133; *Liberty Mutual Insurance Co. v. Williams Machine & Tool Co.* (1975), 62 Ill. 2d 77, 81, 338 N.E.2d 857, 859; *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 15, 374 N.E.2d 437, 443.) It is equally well settled, however, that the "misuse" which will preclude recovery is a use which is neither intended nor reasonably foreseeable by the manufacturer. (*Williams*, at 425; *Gallee v. Sears, Roebuck & Co.* (1978), 58 Ill. App. 3d 501, 503; 374 N.E.2d 831, 834; *Dunham v. Vaughan & Bushnell Mfg. Co.* (1967), 86 Ill. App. 2d 315, 328, *aff'd* (1969), 42 Ill. 2d 339, 344, 229 N.E.2d 684, 690, see generally 1 Frumer and Friedman, Products Liability §15 (1978).) This definition is materially different from the common or ordinary understanding of the term. Webster's Third International Dictionary defines "misuse" as follows: "to use incorrectly or carelessly" or "to use for a wrong or improper purpose." The jury may have believed, in this case, that Herbig operated the roller incorrectly, improperly or even carelessly, but unless the manner of operation was not reasonably foreseeable by the defendants, the alleged misuse is not a bar to recovery. It follows, therefore, that an instruction or special interrogatory on "misuse" not limited or qualified by the foreseeability test does not reach an ultimate material issue in a strict product liability case. Our supreme court recently reiterated this rule on foreseeability and misuse in *Anderson v. Hyster Co.* (1979), 74 Ill. 2d 364, 369, 385 N.E.2d 690.

It also follows that the general verdict and the answer to the special interrogatory in this case were not necessarily inconsistent. Since only an *unforeseeable* use or operation of the roller will bar plaintiff's recovery, the jury's conclusion that the injury was proximately caused by Herbig's carelessly or improperly operating it is irrelevant to, but entirely

consistent with, the general verdict in favor of the plaintiff. We note here the trial court's findings of October 19, 1977, that "the term 'misuse' was used generally in its commonly and ordinarily understood sense * * *." In the context of the instructions that were given, the general verdict implicitly found that the roller was in an unreasonably dangerous condition when it left the possession and control of the defendants. In rendering the general verdict for the plaintiff the jury also had to conclude that the roller was being used and operated in a manner either intended or reasonably foreseeable by the defendants. This follows from the court's instruction no. 12 which defined unreasonably dangerous as "unsafe when put to a use that is reasonably forseeable considering the nature and function of the tandem roller." See generally 2 Frumer & Friedman, Products Liability §16A [4][d] (1978).

Defendants argue that the interrogatory as submitted asked the jury to decide only whether a third party or the alleged dangerous condition of the roller proximately caused the accident. Since proximate cause is clearly an indispensable element in a cause of action for strict liability in tort, defendants contend that the interrogatory went to an ultimate issue. Plaintiff, however, does not dispute that the manufacturer or seller in a product liability case may avoid liability if the evidence demonstrates that misuse of the product by a third party proximately caused the injury. Plaintiff's objection to the special interrogatory went to the likely misunderstanding of the term "misuse" which might lead the jury to impute Herbig's negligence to the plaintiff contrary to the holding of *Lewis.*

■■ ■ We agree with the plaintiff's position and are of the opinion that the trial court erred in overruling plaintiff's objection to the special interrogatory as failing to go to an ultimate material issue of fact as required by section 65 of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 65.) Further, it was error for the trial court to find that the answer to the special interrogatory was inconsistent with the general verdict.

■■ The defendants further argue that even if the interrogatory was improperly given the judgment should be affirmed on the basis that the plaintiff failed to prove the elements of a cause of action for strict product liability. They point to two specific deficiencies. First they contend plaintiff was required but failed to prove that the roller as designed is incapable of preventing the injury complained of (*e.g.*, that it could not have been operated safely). Defendants rely for this requirement on *McClellan v. Chicago Transit Authority* (1975), 34 Ill. App. 3d 151, 340 N.E.2d 61. Although it is true that the plaintiff did not establish this "requirement" it does not appear to us to be an essential element of a cause of action for strict liability in tort. The overwhelming majority of cases in this State hold that to establish a *prima facie* case for strict

product liability the following three elements must be proven: (1) that the injury resulted from a defective condition of the product (either design or construction); (2) that the condition was unreasonably dangerous; and (3) that the condition existed at the time the product left the manufacturer's (or seller's) control. (*Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182; *Gallee v. Sears, Roebuck & Co.* (1978), 58 Ill. App. 3d 501, 374 N.E.2d 831; *Ostendorf v. Brewer* (1977), 51 Ill. App. 3d 1009, 367 N.E.2d 214; and *Frisch v. International Harvester Co.* (1975), 33 Ill. App. 3d 507, 338 N.E.2d 90; see also *Gillespie v. R. D. Werner Co.* (1978), 71 Ill. 2d 318, 375 N.E.2d 1294.) There are only two cases, on the other hand, which impose the requirements suggested by the defendants: *McClellan*, and *141 South Main Inc. v. Magic Fingers, Inc.* (1977), 49 Ill. App. 3d 724, 364 N.E.2d 605. This requirement is unjustified in our view because it imposes an almost impossible burden on plaintiff while narrowing the scope of potential manufacturer liability far beyond that contemplated by *Suvada*.

Under the conventional view, plaintiff can recover on strict liability when he proves that his injuries were proximately caused by an unreasonably dangerous product manufactured or sold by the defendant. A product is considered unreasonably dangerous when it is unsafe for an intended or reasonably foreseeable use (*Winnett v. Winnett* (1974), 57 Ill. 2d 7, 11; *Gallee v. Sears, Roebuck & Co.* (1978), 58 Ill. App. 3d 501, 503.) Foreseeability is also an element of proximate cause in that the injuries must result from an intended or a reasonably foreseeable use of a product. (*Gallee*, at 503.) Under the standards suggested by the defendants, however, a plaintiff cannot recover for injuries sustained by a product even when used in a foreseeable manner, as long as a different use could have prevented or avoided the injuries. Defendants, in other words, would deny plaintiff recovery here because the roller could have been operated safely even though the way in which it was operated at the time of the accident was altogether foreseeable. If that is the law, plaintiff in *Dunham v. Vaughan and Bushnell Mfg. Co.* (1967), 86 Ill. App. 2d 315, *aff'd* (1969), 42 Ill. 2d 339, should not have recovered for injuries sustained by striking a hammer against metal farm machinery since a hammer can clearly be used safely under other circumstances. The manufacturer was held liable, however, because Dunham was injured while using it in a reasonably foreseeable, albeit, unintended way. (See 86 Ill. App. 2d 315, 327-30.) The practical effect of *McClellan* is to resurrect negligence as an effective bar to recovery in actions for strict liability, a position this court is unwilling to adopt.

■■ Finally, the defendants argue that the judgment should be affirmed because the plaintiff failed to prove that the roller was unreasonably dangerous at the time it left the factory. Defendants contend that the

testimony of the plaintiff's expert, Dennis Skogen, was incompetent and inadmissible because his opinions were not elicited by proper hypothetical questions. Defendants object to two specific questions on the basis that the questions failed to incorporate the facts surrounding the accident. The record discloses that the trial court found it unnecessary that these facts be included, however, when the questions were unrelated to the circumstances of the accident. The questions asked only whether the absence of a neutral start switch or instructional signs rendered the roller unreasonably dangerous when it left the factory. Since Skogen had qualified as an expert witness and had personally tested the roller involved in the accident on two separate occasions, he was able to answer the question on the basis of his personal knowledge. (*Spence v. Commonwealth Edison Co.* (1975), 34 Ill. App. 3d 1059, 340 N.E.2d 550.) The answers to the questions required no familiarity with the circumstances surrounding the accident, and we agree with the trial court that the questions and answers were proper.

We are of the opinion that the special interrogatory did not articulate an ultimate material issue in this product liability action and the jury's affirmative answer to it was not inconsistent with the general verdict for the plaintiff. Thus it was error to deny the plaintiff's post-trial motion to set aside the jury's answer to the special interrogatory. The judgment of the Circuit Court of Winnebago County is reversed and remanded with instructions to enter judgment for the plaintiff on the general verdict.

Reversed and remanded with instructions.

GUILD, P. J., concurs.

Mr. JUSTICE WOODWARD, specially concurring:

I concur with the result reached by Justice Lindberg's opinion and I agree that plaintiff's attorney sufficiently preserved his objection to the special interrogatory in question to allow both its substance and form to be considered in this appeal.

The interrogatory in question is as follows:

"Does the jury find from a preponderance of the evidence that the evidence that the misuse of the roller by Ronald Herbig, an employee of Rockford Blacktop, was the proximate cause of the injuries sustained by the plaintiff in the occurrence in question?

ANSWER:
YES _____
NO _____ "

The jury answered in the affirmative.

No instruction defining the term "misuse" was given by the court and in fact, the only place where the court used this term was in the special interrogatory. The Committee Comments to Illinois Pattern Jury Instructions, Civil, No. 400.08 (2d ed. 1977 Supp.) (hereinafter cited as IPI Civil) recommend that no instruction on misuse of a product be given; it further states, "It is not an independent issue but rather is an element contained within the issues of 'unreasonably dangerous' and 'proximate cause.' " It is further stated that "[a]n instruction on 'misuse' would *unduly emphasize* a single element of those issues." (Emphasis added.)

Plaintiff's complaint alleged that the roller in question was unreasonably dangerous as (a) it did not have a neutral starting switch and (b) it did not have any sign or decal to indicate the position of the gear shift lever. Defendants' answer denied that the condition of the roller was unreasonably dangerous and denied that the condition was the proximate cause of the plaintiff's injuries.

The trial court gave the jury IPI Civil No. 400.02 stating that the plaintiff had the burden of proving five propositions including (a) that the condition of the roller claimed by the plaintiff made it "unreasonably dangerous" and (b) that the claimed condition of the roller was the proximate cause of plaintiff's injuries. Also, the court gave IPI Civil 400.06 defining the term "unreasonably dangerous" as "unsafe when put to a use that is *reasonably forseeable* considering the nature and function of the tandem roller." (Emphasis added.)

The special interrogatory submitted by the defendant assumed the misuse of the roller; this was an element of the case which was to be determined by the jury under the definition of unreasonably dangerous contained in the instruction (IPI Civil No. 400.06) noted above. Since the special interrogatory assumed an element of the case to be determined by the jury, it invaded the jury's province and thereby destroyed the effect of any special finding made by the jury in response thereto. Defendant contends that the answer to the special interrogatory found that Herbig's misuse of the roller was the sole proximate cause of plaintiff's injuries. A similar argument was made in *Anderson v. Hyster Co.* (1979), 74 Ill. 2d 364, 385 N.E.2d 690. There the plaintiffs were injured by a forklift truck manufactured by the defendant; plaintiffs claimed the truck was not reasonably safe because of defective design; after a verdict for plaintiffs, defendant appealed, claiming that the conduct of the operator of the forklift was the sole proximate cause of plaintiffs' injuries. At page 369, the supreme court stated:

> "* * * In this action, based on a theory of strict liability, in which there was sufficient evidence to sustain the finding that the product was so designed that it was not reasonably safe, the conduct attributed to the operator of the forklift truck would be a defense

to plaintiffs' actions only if such conduct constituted a misuse of the product. (*Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 425.) Reasonable foreseeability of the misuse is measured by an objective standard (*Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 425), and such misuse would serve to break the causal connection between the defective product and the plaintiffs' injuries only if such misuse was not reasonably foreseeable (*Lewis v. Stran Steel Corp.* (1974), 57 Ill. 2d 94, 102).
* * *"

Applying *Hyster* to this case, Herbig's misuse would serve to break the causal connection between the condition of the roller and plaintiff's injuries only if such misuse was *not* reasonably foreseeable. The special interrogatory fails to measure misuse by the objective standard of reasonable foreseeability as required, therefore, the answer is a nullity.

At this point it becomes pertinent to examine the rules for the construction of special interrogatories. In *Wicks v. Cuneo-Henneberry Co.* (1926), 319 Ill. 344, 350, the court stated that the guiding principle in construing a special interrogatory is as follows:

"All reasonable presumptions will be entertained in favor of the general verdict, while nothing will be presumed in aid of the special findings of fact."

The special interrogatory in question purports to determine the proximate cause of plaintiff's injuries, but by assuming a misuse its effect and significance is destroyed; nothing will be presumed in its aid; it is a nullity and the answer cannot control the general verdict of the jury which was based upon proper instructions. The trial court was in error in entering a judgment for the defendant.