JUNIOR C. OSTENDORF *et al.*, Plaintiffs-Appellants, *v.* JOSEPH BREWER *et al.*, Defendants.—(INTERNATIONAL HARVESTER COMPANY, Defendant-Appellee.)

Fourth District   No. 16022

Opinion filed September 17, 1980.—Rehearing denied October 15, 1980.

WEBBER, J., dissenting.

Hillebrand, Cook & Shevlin, Ltd., of East St. Louis (Bruce N. Cook, of counsel), for appellants.

Thomas, Mamer, Haughey & Miller, of Champaign (George S. Miller, of counsel), for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

On October 26, 1973, Junior Ostendorf was injured while driving an International Harvester Model 806 tractor (hereinafter 806 tractor). As a result, he brought suit against his employer and International Harvester (hereinafter IH), the manufacturer of the 806 tractor. Judgment was entered against Ostendorf, and on appeal it was affirmed by this court. *Ostendorf v. Brewer* (1977), 51 Ill. App. 3d 1009, 367 N.E.2d 214.

On May 25, 1979, Junior and Betty Ostendorf, plaintiffs, filed a section 72 petition (Ill. Rev. Stat. 1979, ch. 110, par. 72) to set aside the above-mentioned judgment. Subsequently, the plaintiffs properly amended their petition, wherein they alleged that IH's fraudulent concealment of information requested on discovery denied them a fair trial. On November 30, 1979, IH filed a "special and limited appearance for the sole purpose of motion to quash or dismiss plaintiffs' first amended petition under secton 72." Apparently, without holding an evidentiary hearing on the amended petition, the trial court dismissed the plaintiffs' amended petition because it found that "the allegations of fraudulent concealment and surrounding circumstances [were] not adequately substantiated." The plaintiffs appeal.

Briefly, Junior Ostendorf's personal injury suit against IH was premised on the allegation that the 806 tractor was an unreasonably dangerous product because of a defective design involving the tractor's gas tank or cap. The plaintiffs' section 72 petition alleges that IH fraudulently concealed evidence requested of them through discovery. The plaintiffs contend that if the concealed documents had been available (which they now have and attach to their petition), Junior Ostendorf would have been able to show a design defect in the 806 tractor, thus preventing judgment against him in his suit against IH. Therefore, the plaintiffs argue that the trial court should have granted their petition to set aside the judgment. Alternatively, they argue that the trial court should have held an evidentiary hearing before it decided the fate of their section 72 petition.

In relevant part, section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72) reads:

"(3) The petition must be filed not later than 2 years after the entry of the order or judgment. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years."

The plaintiffs' petition was filed more than 2 years after the entry of the judgment. However, it had not been more than 2 years since the allegedly concealed documents were available to the plaintiffs when they filed their section 72 petition. Therefore, if the plaintiffs do show that the documents in question were fraudulently concealed, the statute of limitations is not a bar to their petition.

■■■ Further, the limited function of a section 72 petition is to bring to the trial court's attention new facts of such a character which, if known, would have prevented entry of judgment. In order for the plaintiffs' petition to be successful, it must show that the newly discovered evidence was fraudulently concealed and that it would have prevented the judgment against Junior Ostendorf.

Although we could go into the rather detailed evidence presented by the plaintiffs, suffice it to say that we have gone through this evidence, and some of it does support the plaintiffs' allegation of defective design. Moreover, the evidence presented would have allowed a trier of fact to infer that IH had the intent to conceal this evidence from Junior Ostendorf.

■■ We disagree with the plaintiffs that the trial court erred when it refused to grant their petition. However, it is a well-accepted principle of law that, whenever the central facts of a section 72 petition are in controversy, a full and orderly evidentiary hearing must be held by the trial court to determine the petitioner's claim. *Mercantile All-In-One Loans, Inc. v. Menna* (1978), 63 Ill. App. 3d 931, 380 N.E.2d 944;

*McKinnon v. Yellow Cab Co.* (1975), 31 Ill. App. 3d 316, 333 N.E.2d 659; *Wilson v. Wilson* (1965), 56 Ill. App. 2d 187, 205 N.E.2d 636.

■■ After reviewing this record, we conclude that the central facts of the plaintiffs' section 72 petition—whether the new evidence was fraudulently concealed and whether it shows that the 806 tractor was defectively designed—were in controversy. We do not express a view on the merits of the plaintiffs' section 72 petition; however, this cause must be remanded for a full and orderly evidentiary hearing. (See *McKinnon.*) This hearing will allow the parties to present evidence on the contested allegations. The plaintiffs were not given this opportunity to prove the contested allegations of their section 72 petition by a preponderance of the evidence. Accordingly, the judgment is reversed and the cause is remanded to the circuit court for an evidentiary hearing.

Reversed and remanded with directions.

TRAPP, J., concurs.


Mr. JUSTICE WEBBER, dissenting:

I respectfully dissent and suggest that the majority opinion extends the limits of section 72 of the Civil Practice Act far beyond anything contemplated by its drafters.

The cases are many and almost universal in holding that newly discovered evidence cannot be a basis for a section 72 proceeding. There appears to be no case in which newly discovered material has so served. It is precisely such material which is the subject of the instant petition.

While the entire theory of discovery and the nature of discoverable matters have been revolutionized in recent years to an extent that would dumbfound practitioners of earlier eras, it remains fundamental that a party is entitled only to what he asks for. Discovery is still part of the adversary process. Whatever a party might volunteer beyond his adversary's demands is a matter of his own liberality and not a requirement of the rules.

The instant case presents just such a situation. The lawsuit concerned a tractor known as an 806 model and the bulk of the discovery by plaintiff was directed at this model. The lawsuit out of which the alleged newly discovered evidence arises concerned an entirely different model and contained some references to the 806 but only peripherally. If the original answers produced no rich vein of ore for the plaintiff, nothing prevented him from mining more deeply. The reluctance of major corporated defendants to turn over documents by the boxcarload is a matter of common knowledge. Self-preservation is a basic instinct not only of the human, but also of the corporate, animal.

The matters complained of are reminiscent of the ancient tale about the common-law practitioner of yesteryear. When he was asked whether a herd of sheep, viewed in a nearby pasture, were sheared, he answered, "Yes, on this side."

After reviewing the record, I have concluded that plaintiff received everything he asked for and cannot now complain that he should have obtained more.

The allegations of fraud are purely conclusory and no facts are set forth upon which even a mild presumption could be based. The materials attached to the petition show only that they had their source in another lawsuit in which IH was a defendant.

The trial court was correct in dismissing the petition, and I would affirm its action in so doing.