JACK J. TWITTY, Plaintiff-Appellant, v. AMERICAN GAGE AND MACHINE CO. et al., Defendants-Appellees.

First District (3rd Division)    No. 80-1072

Opinion filed March 31, 1982.

456

Eugene I. Pavalon, of Asher, Goodstein, Pavalon, Gittler, Greenfield and Segall, Ltd., of Chicago (Geoffrey L. Gifford, of counsel), for appellant.

Jacobs, Williams and Montgomery, Ltd., of Chicago (Barry L. Kroll and Mark A. Miller, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Jack J. Twitty, brought this product liability action against defendants American Gage and Machine Co. and Walsh Press & Die Co. Judgment was entered on a jury verdict in favor of defendants. We reverse and remand.

On September 27, 1974, plaintiff suffered severe injuries to his hand while operating a power press manufactured by defendant Walsh Press & Die Co., a division of defendant American Gage and Machine Co. In his complaint, he alleged that the power press was unreasonably dangerous due to a defective design. At trial, the court gave the jury defendants' instruction No. 18 over plaintiff's objection. The instruction, not in Illinois Pattern Jury Instructions (IPI), Civil (2d ed. 1971), states:

"The plaintiff must demonstrate that the power press as designed is incapable of preventing the injury complained of and that there existed an alternative design which would have prevented the injury.

There is no duty upon the manufacturer of the power press to manufacture the power press with a different design, if the different design is not feasible. Feasibility includes not only elements of economy, effectiveness and practicality, but also technological possibilities under the state of the manufacturing art at the time the product was produced."

Plaintiff contends that the instruction erroneously altered his burden of proof by requiring him to prove that the power press as designed was incapable of preventing his injury. We agree.

In a product liability action, the plaintiff must prove three elements: (1) a condition of the product[1] was a proximate cause of the plaintiff's injury and damage; (2) the condition was unreasonably dangerous; and (3) the condition existed at the time the product left the defendant's control. (*Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 623, 210 N.E.2d 182, 188.) These elements do not change because the case is premised upon an alleged defective design or failure to warn rather than an alleged defective construction condition. (*Bejda v. SGL Industries, Inc.* (1980), 82 Ill. 2d 322, 324, 330, 412 N.E.2d 464, 465, 467.) Thus, in a product liability case based on an alleged defective design, if a plaintiff proves the stated three elements, absent any affirmative defenses, he is entitled to recover. It follows that a jury instruction which imposes an additional element of proof is erroneous and misleading.

Defendants rely upon *McClellan v. Chicago Transit Authority* (1975), 34 Ill. App. 3d 151, 340 N.E.2d 61. This case does support defendants' argument. In *McClellan*, which did not involve an instruction issue but rather a question of whether summary judgment was properly granted, the court set forth a standard of proof necessary for strict liability cases based on defective design. The court stated that plaintiff must prove that (1) the product as designed is incapable of preventing the injury complained of; (2) there existed an alternative design which would have prevented the injury; and (3) in terms of cost, practicability and technological possibility the alternative design was feasible. 34 Ill. App. 3d 151, 152-53, 340 N.E.2d 61, 63.

In our view, the requirements of proof specified in *McClellan* are unjustified. To require the plaintiff to prove that the product as designed was incapable of preventing the injury would impose a burden that is not consonant with the doctrine of strict liability in product liability actions. Indeed, it would tend to resurrect the doctrine of negligence in product liability actions, which would be a regressive movement in the law of torts. See *Lancaster v. Jeffrey Galion, Inc.* (1979), 77 Ill. App. 3d 819, 824-25, 396 N.E.2d 648, 653-54.) Therefore, we are not willing to follow *McClellan*.

In the present case, in addition to defendants' instruction No. 18, the trial court gave the jury the IPI instruction on burden of proof. (IPI Civil No. 400.03 (1977 Supp.).) That instruction states:

"The plaintiff has the burden of proving each of the following

---

[1] The defect may be a construction condition (see *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182), design condition or a failure to adequately warn condition (see *Bejda v. SGL Industries, Inc.* (1980), 82 Ill. 2d 322, 412 N.E.2d 464).

propositions as to any one of the design defects claimed by the plaintiff:

First, that the design defect claimed by the plaintiff as stated to you in these instructions existed in the power press;

Second, that the design defect made the power press unreasonably dangerous;

Third, that the design defect existed at the time the power press left the control of the defendant;

Fourth, that the plaintiff was injured;

Fifth, that the design defect of the power press was a proximate cause of plaintiff's injuries."

We believe that the above instruction properly and sufficiently informed the jury of plaintiff's burden of proof. Thus, defendants' instruction No. 18 should not have been given because it was unnecessary.

Defendants argue that the instruction was not improper merely because it is not an IPI instruction and that "other than its introductory sentence, the instruction now under attack is virtually verbatim with the instruction" approved by the supreme court in *Kerns v. Engelke* (1979), 76 Ill. 2d 154, 390 N.E.2d 859. However, it is the introductory sentence which is the subject of dispute here. Therefore, defendants' reliance upon *Kerns* is unavailing.

■■ Defendants next contend that even if the instruction was erroneous, the judgment should not be reversed since any error could not have prejudicially altered the outcome of the case. However, the instruction effectively added an additional element to plaintiff's burden of proof. This cannot be held to be harmless error.

Lastly, defendants suggest that since defendants' instruction No. 18 was a separate instruction, as opposed to being incorporated in the burden-of-proof instruction, the error was harmless. This contention is untenable since a reading of the instruction leaves the jury with the impression that the plaintiff has an additional element to prove or else it confuses the jury. In either event, the error is not harmless.

Accordingly, the judgment is reversed, and the case is remanded for a new trial.

Reversed and remanded.

WHITE, P. J., and McNAMARA, J., concur.