BELEN KLING, Plaintiff-Appellant, v. JOHN D. LANDRY, Defendant-Appellee.

Second District    No. 2—97—0059

Opinion filed October 10, 1997.

T. Patrick Rice, of T. Patrick Rice & Associates, P.C., of Wheaton, for appellant.

Diane K. Landry, of Western Springs, for appellee.

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Belen Kling, appeals from the December 31, 1996,

order of the circuit court of Du Page County dismissing her four-count complaint alleging legal malpractice, breach of fiduciary duty, negligence, and intentional battery. In her complaint, the plaintiff alleges that the defendant, John Landry, coerced her into having sexual relations with him while he represented her in two separate legal proceedings. The trial court dismissed the plaintiff's action pursuant to section 2—615 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—615 (West 1996)) for failure to state a claim on which relief could be granted. We affirm in part, reverse in part, and remand.

On June 8, 1995, the plaintiff filed her original complaint. On three separate occasions thereafter, the defendant filed motions to dismiss the plaintiff's complaint pursuant to section 2—615 of the Code (735 ILCS 5/2—615 (West 1996)). On each such occasion, the trial court dismissed the plaintiff's complaint but granted the plaintiff leave to replead. On October 30, 1996, the plaintiff filed her third amended complaint.

The factual allegations contained in the third amended complaint (hereinafter complaint) are as follows. On or about January 22, 1991, the defendant agreed to represent the plaintiff in a dissolution of marriage suit proceeding in the circuit court of Du Page County (In re Marriage of Kling, No. 90—D—2865 (Cir. Ct. Du Page Co.)). The primary disputes at issue in the dissolution proceeding were the distribution of marital property and maintenance. The trial of the case was scheduled to proceed on May 1, 1991.

The complaint alleges that, on the evening of April 30, 1991, the defendant visited the plaintiff's residence in order to prepare for the upcoming trial. While in the plaintiff's home, the defendant allegedly threw the plaintiff on her bed and initiated sexual intercourse with her. The plaintiff alleges that she submitted to the defendant's demands for sexual intercourse because she was afraid that if she refused the defendant would not represent her at trial. The case did not proceed to trial, as the parties subsequently settled all property distribution and maintenance issues. On May 16, 1991, a final judgment for dissolution of marriage was entered by the circuit court.

The complaint further alleges that, in the spring of 1992, the defendant agreed to represent the plaintiff in her attempt to seek a modification of the dissolution order entered by the circuit court of Cook County in the plaintiff's first divorce (Shoblaske v. Shoblaske, No. 84—D—21908 (Cir. Ct. Cook Co.)). On October 13, 1992, the defendant filed a postdissolution petition for modification of judgment, requesting that plaintiff be granted custody of her minor son, Aaron. The plaintiff paid the defendant $1,500 for his legal services in the postdissolution proceeding.

Attached to the judgment of dissolution entered in cause No. 84—D—21908 was a psychological evaluation of the plaintiff performed by the Center for Families in Conflict of the Isaac Ray Center, Inc. This evaluation indicated that the plaintiff suffered from severe psychopathology, including bizarre thought patterns, poor impulse control, affective lability, and possible hallucinations. The plaintiff's complaint alleges that, because of the defendant's knowledge of this report, he knew or should have known that the plaintiff suffered from mental impairments which could affect her ability to make reasonable decisions and judgments during the course of his representation.

The complaint further alleges that, on June 11, 1993, the defendant telephoned the plaintiff and advised her that they needed to prepare for a court appearance scheduled for June 17, 1993. On June 16, 1993, the defendant met with the plaintiff at her home. At this time, the defendant allegedly removed the plaintiff's clothing, pushed her onto a rug in her kitchen, and initiated sexual intercourse. In August 1993, the plaintiff terminated the defendant's representation of her. The plaintiff alleges that the petition for modification of judgment prepared by the defendant was frivolous and had no basis in fact or law.

As noted above, the plaintiff's complaint consists of four counts. Count I of the complaint is predicated upon legal malpractice and alleges that the defendant improperly utilized his position as the plaintiff's attorney to obtain sexual intercourse with her even though she was mentally impaired. Count I also alleges that the defendant breached his duty of care by filing a "meritless" postdissolution petition for modification. Count II of the complaint is predicated upon breach of fiduciary duty and contains the same allegations as count I. Count III is predicated upon common-law negligence and alleges that the defendant breached his duty of care by encouraging the plaintiff to submit to sexual intercourse even though he knew of her impaired mental condition. Count IV is predicated upon intentional battery and alleges that the defendant's acts of sexual intercourse were without permission and provocation.

On November 19, 1996, the defendant filed a motion to dismiss the plaintiff's complaint pursuant to section 2—615 of the Code (735 ILCS 5/2—615 (West 1996)). On December 31, 1996, following a hearing, the trial court granted the motion in its entirety and dismissed the plaintiff's complaint with prejudice. In reliance on *Suppressed v. Suppressed*, 206 Ill. App. 3d 918, 924 (1990), the trial court dismissed counts I and II on the basis that they failed to state a cause of action upon which relief could be granted. The trial court dismissed counts

III and IV on the basis that they pleaded insufficient facts to state causes of action for negligence and intentional battery. The plaintiff filed a timely notice of appeal.

■ Because the plaintiff's complaint was dismissed pursuant to a section 2—615 motion, the question before this court is whether her claims set forth a cause of action upon which relief could be granted. *Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 505 (1990), *overruled on other grounds in McCuen v. Peoria Park District*, 163 Ill. 2d 125, 130 (1994). Since the question is one of law, our review is *de novo*. *T&S Signs, Inc. v. Village of Wadsworth*, 261 Ill. App. 3d 1080, 1084 (1994). In conducting that review, we are required to take all well-pleaded facts in the complaint as true and draw reasonable inferences from those facts which are favorable to the plaintiff. *Ziemba v. Mierzwa*, 142 Ill. 2d 42, 46-47 (1991). An action should not be dismissed on the pleadings unless it is apparent that no set of facts can be proved that would entitle the plaintiff to recover. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 488 (1994). With these principles in mind, we turn to a consideration of each of the counts in the plaintiff's complaint.

■ As noted above, count I of the complaint is predicated upon legal malpractice. Illinois law is clear that an attorney is liable to his client for damages only when he fails to exercise a reasonable degree of care and skill, and the law distinguishes between negligence and mere errors of judgment. *Spivack, Shulman & Goldman v. Foremost Liquor Store, Inc.*, 124 Ill. App. 3d 676, 683 (1984). To state a cause of action for legal malpractice, a plaintiff must plead: (1) that the attorney owed the plaintiff a duty of care arising from an attorney-client relationship; (2) that the defendant breached that duty; and (3) that as a proximate result, the plaintiff suffered actual damages. *Howard v. Druckemiller*, 238 Ill. App. 3d 937, 941 (1992).

Although the subject of attorney-client sexual relations has been the subject of much recent debate within the legal community, our research has uncovered only one Illinois case addressing whether such conduct constitutes legal malpractice. See *Suppressed v. Suppressed*, 206 Ill. App. 3d 918 (1990). In *Suppressed*, the plaintiff alleged that her attorney "psychologically coerced or seduced her into having sexual relations with him at the same time that he was to be representing her in a divorce action." *Suppressed*, 206 Ill. App. 3d at 920. As in the instant case, the plaintiff asserted that she submitted to these sexual demands out of fear that her attorney would not adequately represent her interests. *Suppressed*, 206 Ill. App. 3d at 921. The Illinois Appellate Court, First District, held that such allegations did not state a claim for legal malpractice because the al-

leged breach of duty was not sufficiently linked to the attorney's legal representation. *Suppressed*, 206 Ill. App. 3d at 924. The court explained its reasoning as follows:

> "In the present case, the only charge against defendant that alleges a breach of his legal duty to his client is the allegation that defendant's relationship with plaintiff created a 'potential conflict of interest.' While this may be true, we also note that plaintiff did not charge that an actual conflict of interest existed or that she was harmed in her legal action by such a conflict.
>
> \*\*\* For this reason we do not believe that the higher standard of care required of a fiduciary should extend to an attorney's personal relationships with his clients, unless there is tangible evidence that the attorney actually made his professional services contingent upon the sexual involvement or that his legal representation of the client was, in fact, adversely affected." *Suppressed*, 206 Ill. App. 3d at 924-25.

The court further stated that, even if it were to assume that the attorney breached his duty of care by engaging in sexual relations with a client, the dismissal of the complaint was still appropriate as the plaintiff had failed to allege any actual damages stemming from a loss suffered in her underlying dissolution action. *Suppressed*, 206 Ill. App. 3d at 925. The court noted that the plaintiff's marriage was later dissolved and that the divorce agreement was apparently satisfactory to her. *Suppressed*, 206 Ill. App. 3d at 925. The court held that the plaintiff's mental distress, absent any quantifiable injury stemming from her attorney's legal representation, was insufficient to support an action for legal malpractice. *Suppressed*, 206 Ill. App. 3d at 925.

■ Although this court has not had occasion to consider this issue, we are persuaded by the foregoing discussion. To establish a cause of action for legal malpractice, a plaintiff is obligated to demonstrate that the attorney has breached his duty to provide adequate legal representation and that, as a result, the plaintiff has suffered actual damages. *Howard*, 238 Ill. App. 3d at 941. Therefore, we find that, for purposes of a legal malpractice action, the existence of an attorney-client sexual relationship is only relevant to the extent that it has an adverse effect on the quality of the legal representation. *Suppressed*, 206 Ill. App. 3d at 924-25. Although such a relationship may submit an attorney to discipline under the rules of professional responsibility or to liability pursuant to another cause of action, we hold that the mere existence of a sexual relationship is not sufficient to state a cause of action for legal malpractice. See *Suppressed*, 206 Ill. App. 3d at 924-25.

In the instant case, the plaintiff alleges that the defendant coerced her into submitting to his sexual demands on two occasions. The first occasion occurred during the defendant's representation in the plaintiff's dissolution proceeding in Du Page County (No. 90—D—2865). As in *Suppressed*, we note that the plaintiff has not pleaded that her attorney failed to adequately protect her legal interests in the proceeding. The plaintiff's marriage was eventually dissolved, and the dissolution agreement was apparently satisfactory to her. As the plaintiff did not claim that her legal position in the proceedings was harmed so as to result in actual damages, we hold that such allegations do not support a claim for legal malpractice.

The second alleged sexual contact between the plaintiff and the defendant occurred during the defendant's representation in the plaintiff's postdissolution petition filed in Cook County (No. 84—D—21908). In addition to the allegations of sexual intercourse, however, the plaintiff also alleges that the modification petition filed by the defendant was without merit. The plaintiff therefore alleges that the defendant breached his duty to provide adequate legal representation by filing a frivolous pleading. As a result of this conduct, the plaintiff contends that she has suffered actual damages of $1,500, which represents the cost of the defendant's legal services.

A more careful review of the plaintiff's complaint, however, reveals that her allegation that the modification petition was "without merit" is conclusory. A pleader is obligated to set out ultimate facts that support the cause of action, and legal conclusions unsupported by allegations of specific facts are insufficient. *Estate of Johnson v. Condell Memorial Hospital*, 119 Ill. 2d 496, 509-10 (1988). An actionable wrong cannot be made out merely by characterizing acts as having been wrongfully done. *Adkins v. Sarah Bush Lincoln Health Center*, 129 Ill. 2d 497, 520 (1989).

We note that the plaintiff herein has failed to allege any facts explaining why she contends the petition was frivolous or inadequately prepared. Additionally, the plaintiff has failed to append a copy of the petition for modification or a copy of the circuit court's order denying the petition. As the plaintiff has failed to plead any facts supporting her conclusion that the modification petition was "without merit," the trial court properly dismissed this count. See *Estate of Johnson*, 119 Ill. 2d at 510.

■ In count II of her complaint, the plaintiff alleged breach of fiduciary duty. As noted by the plaintiff, a fiduciary relationship exists between an attorney and his client as a matter of law. *In re Imming*, 131 Ill. 2d 239, 252-53 (1989). Once established, the attorney-client relationship gives rise to certain duties owed by the attorney to the cli-

ent without regard to the specific terms of any contract of engagement. Among the fiduciary duties imposed upon an attorney are those of fidelity, honesty, and good faith in both the discharge of contractual obligations to, and professional dealings with, a client. *Metrick v. Chatz*, 266 Ill. App. 3d 649, 656 (1994). When in the course of his professional dealings with a client, an attorney places his personal interest above the interest of the client, the attorney is in breach of his fiduciary duty by reason of the conflict. *In re Rosin*, 118 Ill. 2d 365, 381 (1987). The breach of fiduciary duty by an attorney gives rise to an action on behalf of the client for proximately resulting damages. *Bauer v. Hubbard*, 228 Ill. App. 3d 780, 785 (1992). An action for the breach of fiduciary duty is not a tort; rather, it is governed by the substantive law of contracts. *Kinzer v. City of Chicago*, 128 Ill. 2d 437, 445 (1989).

Our research has uncovered only one Illinois case considering whether an attorney breaches his fiduciary obligations by coercing his client to engage in sexual relations during the course of the representation. See *Doe v. Roe*, 289 Ill. App. 3d 116 (1997). In that case, the plaintiff submitted to her divorce attorney's sexual advances out of fear that he would discontinue or compromise his representation of her. *Doe*, 289 Ill. App. 3d at 121. After the plaintiff's husband became aware of the relationship, the attorney failed to seek the payment of the plaintiff's legal fees from her former husband as allowed pursuant to section 508 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/508 (West 1996)). *Doe*, 289 Ill. App. 3d at 121. The attorney subsequently obtained a $2,500 judgment against the plaintiff, representing his unpaid attorney fees. *Doe*, 289 Ill. App. 3d at 122. At the attorney's suggestion, the plaintiff agreed to continue their sexual relationship in order to be released from the payment of the judgment. *Doe*, 289 Ill. App. 3d at 122.

The *Doe* court held that these allegations set forth sufficient facts to state a cause of action for the breach of fiduciary duty. *Doe*, 289 Ill. App. 3d at 130-31. The court noted that the attorney declined to pursue the plaintiff's right to seek reimbursement of attorney fees out of fear of personal embarrassment and potential professional discipline; therefore, the attorney had placed his own personal interests above the interests of his client. *Doe*, 289 Ill. App. 3d at 123. The court concluded that the plaintiff was entitled to seek the recovery of her attorney fees, as well as damages for her emotional distress, commenting:

"We believe the plaintiff has pled sufficient facts to support the conclusion that the defendant used his position as the plaintiff's attorney and his knowledge of her dependence upon him to gain

sexual favors, thus breaching his fiduciary duty. Additionally, the plaintiff's complaint also contains facts from which it can be inferred that, at the time the defendant engaged in sexual relations with the plaintiff, he should have known of her dependence upon him and the emotional distress that could result from such behavior. In sum, we find that the plaintiff has pled sufficient facts to enable her to pursue damages for mental distress in her breach of fiduciary duty claim." *Doe*, 289 Ill. App. 3d at 130-31.

We agree that an attorney breaches his fiduciary duty to his client by exploiting his position as an attorney to gain sexual favors. We believe that such a breach arises where the attorney: (1) makes his legal representation contingent upon sexual involvement; (2) compromises the client's legal interests as a result of the sexual involvement; or (3) uses information, obtained in the course of representing a client which suggests that the client might be unusually vulnerable to a suggestion of sexual involvement, to seduce the client. *Doe*, 289 Ill. App. 3d at 129. We caution, however, that sexual intercourse between two consenting adults is not, of itself, actionable conduct. *Hertel v. Sullivan*, 261 Ill. App. 3d 156, 160 (1994). Moreover, we note that the nature of the attorney-client relationship is to provide legal services rather than to improve a client's mental or emotional well-being. See *Suppressed*, 206 Ill. App. 3d at 923-24.

In the instant case, unlike *Doe*, there have been no allegations that the defendant made his legal representation contingent upon the plaintiff's sexual involvement or that he compromised the plaintiff's legal interests as a result of the sexual involvement. Although the plaintiff contends that the modification petition filed by the defendant was without merit, we have already found that these allegations are unsupported conclusions of law. Finally, although the plaintiff contends that the defendant was aware of the plaintiff's "severe psychopathology" as a result of the psychological evaluation attached to the judgment of dissolution in cause No. 84—D—21908, we note that the first sexual encounter between the plaintiff and defendant occurred well before the defendant obtained this report. Moreover, the complaint does not specifically allege that the defendant used the information contained in the psychological evaluation in order to seduce the plaintiff. For all of these reasons, we find that the facts alleged herein are distinguishable from *Doe* and that they do not rise to the level of a breach of fiduciary duty. Accordingly, we hold that the trial court did not err in dismissing count II of the plaintiff's complaint.

■ Count III of the plaintiff's complaint purports to be predicated upon common-law negligence. The count alleges that the defendant

had a duty to exercise ordinary care for the safety of the plaintiff and that he breached this duty by encouraging her to engage in sexual intercourse with him even though he knew she was mentally impaired. The trial court dismissed this count, finding that it failed to allege sufficient facts to state a cause of action. We agree. The plaintiff fails to offer any authority for the propriety of such a cause of action, nor are we aware of the existence of any such authority. Moreover, we fail to see how the defendant breached his duty of ordinary care towards the plaintiff by engaging in sexual intercourse with her. See *Hertel*, 261 Ill. App. 3d at 160. We therefore conclude that the trial court properly dismissed count III of the plaintiff's complaint.

■ Count IV of the plaintiff's complaint alleges an action for the intentional tort of battery. The complaint specifically alleges that "the conduct of the defendant on June 16, 1993, constituted a battery upon the plaintiff, in that the touching was without permission and provocation." The trial court dismissed this count pursuant to section 2—615 of the Code, finding that it failed to allege sufficient facts to state a cause of action. Specifically, the trial court found that these allegations failed to respond to the defendant's demand for a bill of particulars filed on March 28, 1996. In a previous dismissal order, the trial court had instructed the plaintiff to amend her complaint in a manner that was responsive to the defendant's demand for a bill of particulars. In dismissing the plaintiff's third amended complaint, the trial court commented:

"And Count IV, I respectfully submit that you did not follow the request that I made of providing sufficient detail so as to meet the requirements of the demand for the Bill of Particulars."

Initially, we note that the dismissal of a plaintiff's complaint with prejudice as a sanction for the failure to provide a bill of particulars is not permitted by section 2—607 of the Code (735 ILCS 5/2—607 (West 1996)). *Bejda v. SGL Industries, Inc.*, 82 Ill. 2d 322, 329 (1980). That section provides:

"If the pleader does not file and serve a bill of particulars within 28 days of the demand, or if the bill of particulars delivered is insufficient, the court may, on motion and in its discretion, strike the pleading, allow further time to furnish the bill of particulars or require a more particular bill to be filed and served." 735 ILCS 5/2—607(b) (West 1996).

Under this section, the most severe sanction authorized is the striking of the pleading to which the bill of particulars relates. *Bejda*, 82 Ill. 2d at 328. A dismissal of a complaint with prejudice cannot be equated with the striking of a pleading and is not permitted under this section. *Bejda*, 82 Ill. 2d at 328-29.

Although the trial court's dismissal of the plaintiff's action is not authorized by section 2—607 of the Code, the dismissal could nonetheless be upheld as within the court's inherent authority to control its business. *Bejda*, 82 Ill. 2d at 329. A plaintiff's failure to take any action as ordered by the trial court evidences want of prosecution by that party, and the trial court may dismiss a suit for the failure of the complainant to prosecute it with due diligence. *Bejda*, 82 Ill. 2d at 329. It has therefore been recognized by our supreme court that the failure to file a bill of particulars in disobedience of a trial court's order may be a ground for dismissal with prejudice. *Bejda*, 82 Ill. 2d at 329.

Notwithstanding the general authority of the trial court to dismiss an action, we conclude that the dismissal of count IV was not proper. See *Bejda*, 82 Ill. 2d at 330. In order to state a cause of action for intentional battery, a plaintiff must allege a willful touching of another person without the consent of the person who is touched. *Pechan v. DynaPro, Inc.*, 251 Ill. App. 3d 1072, 1084 (1993). An action for battery does not depend on the hostile intent of the defendant, but on the absence of the plaintiff's consent to the contact. *Pechan*, 251 Ill. App. 3d at 1084. Our review of count IV reveals that the plaintiff has alleged that, on June 16, 1993, the defendant removed her clothing, pushed her onto a kitchen rug, and initiated sexual intercourse. Further, although the plaintiff does not specifically allege that such conduct was "without her consent," she nonetheless alleges that the conduct was "without permission and provocation." We conclude that such allegations state sufficient facts to allege an action for intentional battery. See *Pechan*, 251 Ill. App. 3d at 1084.

While it is true that the plaintiff did not respond to the defendant's demand for a bill of particulars, the information that the defendant requested in his demand exceeded the ultimate factual elements that the plaintiff is obligated to plead. Specifically, the defendant sought information relating to the specific content of the plaintiff's psychiatric reports; the date when the defendant obtained such reports; the date or dates of the alleged conversations between the defendant and the plaintiff's psychiatrists; the name of the psychological condition from which the plaintiff suffered at the time in question; the nature of the outward symptoms of the plaintiff's "severe psychopathology" at the time in question; and why the plaintiff's psychological condition prevented her from giving knowing consent to the act.

Although such information may be pertinent and relevant during the subsequent litigation and trial of this count, the information is beyond the plaintiff's burden of initial pleading and is more ap-

propriately obtained during discovery. See generally *Bejda*, 82 Ill. 2d at 330. The plaintiff is only obligated to plead those ultimate facts necessary to state a cause of action and to inform the defendant of the nature of the claim brought against him. *Adkins*, 129 Ill. 2d at 518. The pleader is not required to set out his evidence; only ultimate facts to be proved should be alleged, and not evidentiary facts tending to prove ultimate facts. *Stinson v. Physicians Immediate Care, Ltd.*, 269 Ill. App. 3d 659, 662 (1995). As noted above, we believe that the plaintiff herein pleaded sufficient ultimate facts to state a cause of action for intentional battery. We therefore conclude that the trial court erred in dismissing count IV and remand the cause for further proceedings as to that count.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

INGLIS and BOWMAN, JJ., concur.