In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3140

TY EVANS,

*Plaintiff-Appellant*,

*v.*

FRANK POSKON, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:07-cv-592-DFH-JMS—**David F. Hamilton**, *Judge*.

SUBMITTED MARCH 24, 2010—DECIDED APRIL 16, 2010

Before EASTERBROOK, *Chief Judge*, and POSNER and
WILLIAMS, *Circuit Judges*.

EASTERBROOK, *Chief Judge*.  Police burst into the home
of Ty Evans to stop what they reasonably believed was
his attempt to strangle someone to death. According
to the officers, Evans resisted arrest and had to be sub-
dued; according to Evans, he offered no resistance
and was beaten mercilessly both before and after the
officers gained custody of him. A state court convicted

Evans of attempted murder and resisting arrest; he is serving a term of 71 years' imprisonment. See *Evans v. State*, 855 N.E.2d 378 (Ind. App. 2006).

In this suit under 42 U.S.C. §1983, Evans accuses the officers of violating the fourth amendment by using excessive force during and after his arrest. The district court granted summary judgment for the defendants, concluding that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars this claim because Evans's assertion that he did not oppose being taken into custody contradicts his conviction. Unless the resisting-arrest conviction is set aside, the district court concluded, Evans has no claim under §1983. 2009 U.S. Dist. LEXIS 66067 (S.D. Ind. July 28, 2009).

The district court did not discuss *Wallace v. Kato*, 549 U.S. 384 (2007), doubtless because neither side cited it. But *Wallace* holds that a claim that accrues before a criminal conviction may and usually must be filed without regard to the conviction's validity. The Court held that a claim asserting that a search or seizure violated the fourth amendment—and excessive force during an arrest is such a claim, see *Graham v. Connor*, 490 U.S. 386 (1989)—accrues immediately. The prospect that charges will be filed, and a conviction ensue, does not postpone the claim's accrual. *Wallace* added that a conviction does not un-accrue the claim, even if the arguments advanced to show a violation of the fourth amendment also imply the invalidity of the conviction. 549 U.S. at 392–93. Instead of dismissing the §1983 suit, the district judge should stay proceedings if the same issue may be resolved

in the criminal prosecution (including a collateral attack). 549 U.S. at 393–94; see also *Heck*, 512 U.S. at 487 n.8.

Many claims that concern how police conduct searches or arrests are compatible with a conviction. For example, an arrest without probable cause violates the fourth amendment but does not imply the invalidity of a conviction, because courts do not "suppress the body" of the accused. See *United States v. Alvarez-Machain*, 504 U.S. 655 (1992). Similarly, a court's decision not to suppress illegally seized evidence can lead to a conviction without blotting out a §1983 challenge to the seizure. The exclusionary rule is used in only a subset of all constitutional violations—and excessive force in making an arrest or seizure is not a basis for the exclusion of evidence. *United States v. Jones*, 214 F.3d 836 (7th Cir. 2000). Cf. *Hudson v. Michigan*, 547 U.S. 586 (2006) (violation of constitutional knock-and-announce rule does not justify exclusion).

Evans's situation illustrates how a fourth-amendment claim can coexist with a valid conviction. He contends three things: (1) that he did not resist being taken into custody; (2) that the police used excessive force to effect custody; and (3) that the police beat him severely even after reducing him to custody. (Evans says that his skull was fractured and his face mangled, leading to three surgeries and bone grafts. He also contends that his vision has been permanently impaired. These are not normal consequences of arrest.) Proposition (1) is incompatible with his conviction; any proceedings based on this contention must be stayed or dismissed

under *Wallace* or *Heck*. But propositions (2) and (3) are entirely consistent with a conviction for resisting arrest. See *Gilbert v. Cook*, 512 F.3d 899 (7th Cir. 2008); *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006); *Dyer v. Lee*, 488 F.3d 876, 881 (11th Cir. 2007) (collecting similar decisions in other circuits). These aspects of the suit can proceed. And if Evans is willing to abandon proposition (1), there would be no need for a stay of any kind.

The district court observed that a plaintiff is master of his claim and can, if he insists, stick to a position that forecloses relief. That's true enough, see *Okoro v. Callaghan*, 324 F.3d 488 (7th Cir. 2003), but we do not understand Evans to assert that he is advancing propositions (2) and (3) if and only if the district court accepts proposition (1). His appellate briefs tell us that he is willing to proceed on proposition (3) alone. We held in *Gilbert* that, under similar circumstances, a prisoner need not repudiate his allegation that he did nothing wrong in order to maintain that he was the victim of excessive force. *Heck* prevents such a person from prevailing in the §1983 action on a position incompatible with the conviction, but the plaintiff need not adopt the defendants' view of what occurred in order to contest the degree of force used.

Evans, a prisoner proceeding without counsel, struggled to articulate his contentions in a way that would avoid problems under *Heck*. But this sort of difficulty, which was evident in *Gilbert* too, must not be confused with a desire to abandon propositions (2) and (3) if the court concludes (as it must) that proposition (1) cannot be maintained while the conviction stands.

Evans is entitled to an opportunity to prove that the defendants used unreasonable force during and after his arrest. The judgment is reversed, and the case is remanded for proceedings consistent with this opinion.