NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2011[*]
Decided August 1, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 10-3428

| | |
|---|---|
| GERMAINE A. ELCOCK, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 10-1244 |
| LANCE WHITECOTTON, et al., *Defendants-Appellees.* | Harold A. Baker, *Judge*. |

**O R D E R**

In this action under 42 U.S.C. § 1983 and state law, Illinois inmate Germaine Elcock claims that two guards and a nurse at the Dwight Correctional Center violated her rights under the Eighth and Fourteenth Amendments and also committed several related state-law torts. Elcock's list of defendants is long, but none of the others had any conceivable involvement in the events underlying her claims. At screening, *see* 28 U.S.C. § 1915A, the district court concluded that the federal claims were either lacking in merit or barred by

---

[*]The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

*Heck v. Humphrey*, 512 U.S. 477 (1994). The court dismissed those claims and then relinquished jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c). We vacate the dismissal of Elcock's claim of excessive force and remand for further proceedings on that claim, together with the related state claims.

According to Elcock's complaint, she was climbing into a prison van when Lieutenant Lance Whitecotton and the second defendant guard, Lincoln Roth, shoved her repeatedly and threw her onto the van floor. The top half of her prison uniform came undone in the fracas, and Whitecotton then pinned her down, covered her mouth, and sucked for several seconds on her exposed breast. Afterwards, both guards hit her with the van door. Elcock was bruised and scratched in the assault. A nurse examined her, but she received no other medical care until six weeks later, when she was given Motrin. One of her scratches left a scar, and her left arm now has a lump that she speculates is from a blood clot.

Elcock reported the incident to supervisors, but Whitecotton denied her allegations and countered with a disciplinary charge alleging that she kicked him in the groin as he helped her into the van. A prison disciplinary board conducted a hearing, found Elcock guilty of assault, and sanctioned her with the loss of a year's good-conduct credit, among other things. Elcock also was prosecuted and convicted in state court and sentenced to another three years' imprisonment.

Elcock's complaint, as relevant here, raises three federal claims: (1) the guards' assault constituted excessive force in violation of the Eighth Amendment; (2) the prison nurse was deliberately indifferent to her injuries in violation of the Eighth Amendment; and (3) the disciplinary hearing and her criminal prosecution were shams that violated her right to due process at every step. The district court concluded that Elcock's medical needs were not serious enough to require more care than the nurse's visit she got. And the remaining federal claims, the court concluded, are barred by *Heck* and *Edwards v. Balisok*, 520 U.S. 641 (1997). The court reasoned that it could not address Elcock's claims arising from the van incident or the resulting discipline and prosecution because the administrative and criminal sanctions have not been overturned.

On appeal, Elcock contends that *Heck* and *Edwards* do not bar her claims. Regarding the claim of excessive force, we agree. It is true that an inmate who, like Elcock, is serving time for a criminal conviction or disciplinary sanction cannot pursue a § 1983 claim which necessarily implies that the conviction or disciplinary decision is invalid. *Edwards*, 520 U.S. at 643, 648; *Heck*, 512 U.S. 486-87; *Moore v. Mahone*, --- F.3d ---, ---, 2011 WL 2739771, at *1 (7th Cir. July 15, 2011); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008); *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006). But a claim of excessive force accrues immediately and, if

proved, will not undermine a finding that the plaintiff attacked or wrongly resisted a police officer or prison guard. *Evans v. Poskon*, 603 F.3d 362, 363-64; (7th Cir. 2010); *Gilbert*, 512 F.3d at 901; *see Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) (determining accrual date for claim of false imprisonment). Elcock's claim that she was physically and sexually assaulted accrued when the alleged assault occurred, and her later discipline and conviction did not "un-accrue" the claim. *See Evans*, 603 F.3d at 363. Further, her claim of excessive force lays out a plausible basis for relief even if we assume she kicked Whitecotton, *cf. Moore*, --- F.3d at ---, 2011 WL 2739771, at *3, so she can proceed on this claim without running afoul of *Heck* and *Edwards*, *see id.* She will not, however, be able to impugn the determination that she assaulted Whitecotton, and on remand, the district court should either disregard portions of the complaint that deny Elcock's misconduct, or direct Elcock to file an amended complaint that omits any impermissible allegations. *See id.* The district court should also reconsider whether to retain jurisdiction over the state-law claims. *See Edwards v. Snyder*, 478 F.3d 827, 832 (7th Cir. 2007); *Armstrong v. Squadrito*, 152 F.3d 564, 582 (7th Cir. 1998). The court thought that Elcock's complaint contains only a single state claim of intentional infliction of emotional distress, but it also includes a claim of battery. *See McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1998) (discussing intentional inflection of emotional distress); *Kling v. Landry*, 686 N.E.2d 33, 41 (Ill. App. Ct. 1997) (discussing battery).

Elcock's other federal claims were properly dismissed. The district court was correct that *Heck* and *Edwards* bar any claim that the disciplinary proceeding or prosecution violated Elcock's right to due process. *See Edwards*, 520 U.S. at 648; *Evans*, 603 F.3d at 364; *Cardoso v. Calbone,* 490 F.3d 1194, 1199 (10th Cir. 2007). And the nurse's assessment that Elcock's scratches and bruises did not require further medical attention would not support a claim for deliberate indifference. *See Pinkston v. Madry*, 440 F.3d 879, 891 (7th Cir. 2006) (concluding that split lip and swollen cheek were not objectively serious); *Davis v. Jones*, 936 F.2d 971, 972-73 (7th Cir. 1991) (same, for one-inch cut and scraped elbow).

The judgment is VACATED in part and REMANDED for further proceedings against Whitecotton and Roth on Elcock's claims of excessive force and state-law torts. In all other respects, the judgment is AFFIRMED. Given this outcome, Elcock has not incurred a litigation "strike" under 28 U.S.C. § 1915(g) in this action. *See Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010). Nevertheless, the district court is correct that Elcock already had "struck out" in three earlier cases and may not proceed in forma pauperis. *Elcock v. Campbell*, No. 10-1243 (C.D. Ill. Oct. 5, 2010) (order dismissing for failure to state a claim); *Elcock v. Henne*, No. 10 C 3030 (N.D. Ill. June 3, 2010) (same); *Elcock v. Sigler*, No. 08-1346 (C.D. Ill. June 15, 2009) (same).