CLD-012                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4731
_____

DANIEL GATSON;
ANTHONY HANKS;
Family Members

v.

STATE OF NEW JERSEY; ANNE MILGRAM, Attorney General, Individually and in
her Official Capacity; SOMERSET COUNTY, NJ; OFFICE OF THE SOMERSET
COUNTY PROSECUTORS; WAYNE FORREST, Individually and in his Official
Capacity; MATTHEW MURPHY, Individually and in his Official Capacity; DET.
CHRISTOPHER J. SHEA, Individually and in his Official Capacity; CAPT. THOMAS
DUNNE, Individually and in his Official Capacity; CAPT. RONALD THORNBURG,
Individually and in his Official Capacity; LT. RICHARD IKE, Individually and in his
Official Capacity; DET. ROBERT L. BRYANT, JR., Individually and in his Official
Capacity; SGT. RUSSELL LEFFERT, Individually and in his Official Capacity;
WARREN TOWNSHIP, NJ; SGT. TIMOTHY J. WENZEL, Individually and in his
Official Capacity; MORRIS COUNTY, NJ; WATCHUNG BOROUGH, NJ; BRIAN
NEWMAN, Individually and in his Official Capacity; BERGEN COUNTY, NJ; OFFICE
OF THE BERGEN COUNTY PROSECUTOR; JOHN MOLINELLI, Individually and in
his Official Capacity; JOHN W. DONOHUE, Individually and in his Official Capacity;
WAYNE MELLO, Individually and in his Official Capacity; THOMAS CZULADA,
Individually and in his Official Capacity; PARSIPPANY TOWNSHIP, NJ; TROY
HILLS TOWNSHIP, NJ; MICHAEL LASALANDRA, Individually and in his Official
Capacity; DET. RICHARD NICOLETTI, Individually and in his Official Capacity;
HUDSON COUNTY, NJ; LIANE ABAD; IOANNIS JOHN ARVANITIS; PAUL
SANGIULIANO, Individually and in his Official Capacity; FRANK MELE, Individually
and in his Official Capacity; LEE NILES, Individually and in his Official Capacity;
MARTHA ARVANITIS; ROBERT GROGAN; JOHN DOES (1-100) Individually and
in her Official Capacity; ABC BUSINESS ENTITIES, ET AL.


Daniel Gatson,
Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-09-cv-01658-001)
District Judge: Honorable Stanley R. Chesler

_____

Submitted for Possible Dismissal Due to Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 14, 2011

Before: RENDELL, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 10, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

Pro se appellant Daniel Gatson appeals the District Court's order dismissing his

complaint. For the reasons set forth below, we will summarily affirm the District Court's

order.

In the late 1990s, state and federal authorities came to believe that Gatson was the

leader of a group that committed a string of burglaries in New Jersey. They assembled a

task force and began to gather evidence against him. To this end, they interviewed

informants, tapped Gatson's phone, and subpoenaed a variety of records. This

investigation led the authorities to obtain a warrant that permitted them to search

Gatson's home, his aunt's home, and his grandmother's home, and to seize a 28-foot

Bayliner boat, which authorities believed Gatson had purchased with the fruits of his

2

crimes. In 2001, New Jersey police officers executed the warrant. In the process, they seized over $256,000 in cash, the Bayliner boat, and assorted jewelry.

Ultimately, state officials charged Gatson with numerous offenses, and in November 2004, Gatson was convicted in New Jersey state court of two counts of receipt of stolen property. The Appellate Division affirmed Gatson's conviction.

In 2009, Gatson filed the action at issue here against numerous defendants (who will be treated collectively in this opinion). Gatson raised two claims under 42 U.S.C. § 1983. First, he alleged that the defendants conspired to invent a criminal case against him, violating his rights at every step; he has framed this as a malicious prosecution claim. Second, he claimed that the defendants deprived him of his property in violation of his due process rights. More specifically, he alleged that after his trial, the defendants should have returned the cash, jewelry, and boat that they had seized from him; instead, they disposed of this property without according him due process. Gatson also raised several state law claims. The District Court dismissed Gatson's complaint pursuant to 28 U.S.C. § 1915, and Gatson then filed a timely notice of appeal.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise a plenary standard of review. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). As an initial matter, we will dispose of two preliminary issues. While Gatson's appeal was dismissed for failure

---

[1] While Gatson filed his notice of appeal more than 30 days after the District Court entered its order dismissing his complaint, he timely requested and received an extension from the District Court under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. Gatson's appeal is therefore timely.

to prosecute because he neither paid the fees nor filed an application to appeal in forma pauperis (IFP), he soon thereafter filed an IFP application and a motion to reopen. We are satisfied that Gatson has established good cause to reopen his case, see 3d Cir. L.A.R. 107.2(a), and that he is entitled to proceed IFP, see 28 U.S.C. § 1915. Accordingly, we will grant his motion to reopen and his IFP application.

Nevertheless, we will affirm the District Court's judgment. Gatson's first claim is that he was the victim of malicious prosecution. To establish malicious prosecution, however, Gatson must show that "the prior criminal proceedings . . . have terminated in [his] favor." Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000). In his complaint, Gatson acknowledges that he was, in fact, convicted, and that his conviction remains valid. Accordingly, this claim fails as a matter of law. See Kossler v. Crisanti, 564 F.3d 181, 190 n.6 (3d Cir. 2009) (en banc).[2]

We will likewise affirm the District Court's disposition of Gatson's due process claim. This claim arises under § 1983 and, as a consequence, is subject to a two-year

---

[2] In the course of setting forth his malicious-prosecution claim, Gatson alleges that each part of the criminal investigation — including the searches — violated his constitutional rights, and that as a consequence, the government unlawfully obtained all the evidence that it used against him at trial. It is not clear whether Gatson intended to raise stand-alone Fourth Amendment claims; to the extent that he did, we conclude that the claims were properly dismissed. Under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), a prisoner may not use § 1983 to obtain damages if success on the merits necessarily would imply the invalidity of a conviction. Here, Gatson affirmatively contends that the allegedly illegal searches resulted in an unlawful conviction, and accordingly, he cannot bring these claims until and unless he successfully attacks his conviction. See Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety-Div. of State Police, 411 F.3d 427, 445 (3d Cir. 2005); see also Evans v. Poskon, 603 F.3d 362, 364 (7th Cir. 2010).

statute of limitations.  See O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006).  In his complaint, Gatson alleges that the defendants improperly withheld and disposed of his property after his November 2004 conviction.  This claim thus accrued soon after his conviction, see Wallace v. Kato, 549 U.S. 384, 388 (2007); however, he did not file his complaint until April 3, 2009 — well outside the limitations period.

Moreover, we perceive no basis to toll the statute of limitations.  State law typically governs the issue of whether a limitations period should be tolled.  See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010).  In New Jersey, a statute of limitations may be tolled "until the injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered, that he may have a basis for an actionable claim."  Id. (internal quotation marks omitted).  Here, Gatson's own allegations reveal that he was aware of this claim soon after he was convicted in November 2004, but nevertheless failed to file his federal complaint until April 2009.  Accordingly, we agree with the District Court that Gatson's due process claim is time-barred.[3]  See generally Fogle v. Pierson, 435 F.3d 1252, 1258-59 (10th Cir. 2006) (explaining that dismissal is appropriate under § 1915 when it is "patently clear" that tolling argument lacks merit).

Finally, we conclude that the District Court acted within its discretion in declining

---

[3] Because this claim — that the defendants disposed of his property without according him due process — does not implicate the validity of Gatson's conviction, the deferred-accrual rule of Heck does not apply.  See Harvey v. Waldron, 210 F.3d 1008, 1016 (9th Cir. 2000).

5

to exercise supplemental jurisdiction over Gatson's state law claims.  See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999).

Accordingly, we will summarily affirm the District Court's order dismissing Gatson's complaint.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.