NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2012[*]
Decided February 23, 2012

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-1530

| | |
|---|---|
| CHARLES BRUCE THOMAS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 10-424-GPM |
| KEN McELROY, *Defendant-Appellee*. | G. Patrick Murphy, *Judge*. |

**O R D E R**

Charles Bruce Thomas was under investigation in 1997 for the murder of his girlfriend, Anissa Green, when local police obtained a warrant to search his home in Mt. Vernon, Illinois, for evidence of that crime. Nothing connecting Thomas to the murder was found, but police did seize crack cocaine and a gun that Thomas, as a felon, was prohibited from possessing. State authorities charged Thomas with Green's murder, and he was convicted based on eyewitness testimony. He was then tried and convicted in federal

---

[*] The defendant was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(C).

court for drug and gun offenses. *See United States v. Thomas*, 210 F.3d 377 (7th Cir. 2000).

In June 2010, after multiple unsuccessful collateral challenges to his federal convictions, Thomas sued Ken McElroy, a retired Mt. Vernon police officer. Thomas claims that McElroy, who obtained the warrant to search his house, violated the Fourth Amendment by including material falsehoods in the supporting affidavit.

The district court screened Thomas's complaint, *see* 28 U.S.C. § 1915A, and concluded that his Fourth Amendment claim is barred by the two-year statue of limitations applicable to § 1983 suits arising in Illinois. *See Ray v. Maher*, 662 F.3d 770, 774 (7th Cir. 2011); 735 ILCS 5/13-202. The limitations period, the court explained, commenced at the latest when Thomas learned about McElroy's allegedly false statements, and Thomas had known this information since at least February 2008 when he made the same accusation against McElroy in one of his collateral attacks on his federal convictions. *See Thomas v. Hulick*, No. 08-cv-129-MJR; 2008 WL 4371300 (S.D. Ill. Sept. 19, 2008). The court thus dismissed the complaint. *See Thomas v. McElroy*, No. 10-424-GPM, 2010 WL 5089824 (S.D. Ill. Dec. 8, 2010). District judges have discretion to invoke a statute of limitations sua sponte if the defense is apparent from the complaint or another document in the court's files. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002).

On appeal Thomas concedes that he knew of the purportedly false affidavit more than two years before he filed suit, but he argues that his Fourth Amendment claim did not accrue until his collateral challenge was denied in September 2008. He is mistaken. A claim asserting that a search violated the Fourth Amendment accrues—and the limitations period begins to run—as soon as the plaintiff knows, or should know, about the search and the facts making it unlawful. *Wallace v. Kato*, 549 U.S. 384, 392–94 (2007); *Evans v. Poskon*, 603 F.3d 362, 363 (2010); *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997). Pending litigation does not "un-accrue" a Fourth Amendment claim. *Evans*, 603 F.3d at 363. The district court was right to dismiss Thomas's suit at the screening stage.

AFFIRMED.