NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2012[*]
Decided April 12, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-3195

| | |
|---|---|
| CRISTA E. NOEL, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| | |
| *v.* | No. 1:10-cv-08188 |
| | |
| BRUNO COLTRI, | James B. Zagel, |
| *Defendant-Appellee*. | *Judge.* |

**O R D E R**

Crista Noel filed a complaint under 42 U.S.C. § 1983 claiming that Bruno Coltri, an officer with the Westchester, Illinois, police department, violated her constitutional rights by stopping her without any suspicion, detaining her unlawfully, and using excessive force during the encounter. As a result of their altercation, Noel was convicted of resisting arrest after a bench trial, but acquitted of felony aggravated battery.

---

[*]The appellee was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

With her complaint Noel filed an application to proceed in forma pauperis dated December 27, 2010. She explained that she had not worked since February 2009, had $2,000 in savings, and received $1,600 monthly in unemployment benefits. She owned a home but was in default on her mortgage payments. In February 2011, the district court entered a minute order denying her application "for want of fees." The court did not say that it disbelieved Noel's allegation of poverty, nor did the court offer any other explanation for its ruling. The court did not dismiss Noel's lawsuit, but neither did the judge tell her what to do next. Noel filed an updated application in May 2011, detailing that she no longer was receiving unemployment and that her savings had been depleted to $1,000. The district court rejected her application again in August, this time saying only that the motion was "denied" and that the case was terminated. Noel then applied to the district court to proceed in forma pauperis on appeal and resubmitted her May 2011 application. This time, the district court granted the application and ordered Noel to pay $75 toward the filing fee. The court did not explain its ruling.

On appeal, Noel argues that she never received an explanation for why her first application had been denied or direction about how to proceed by paying fees. In her appellate brief she explains that she refiled her application in May 2011 at the direction of court staff, and in response her case was dismissed.

On this record we are unable to discern the basis for the district court rulings leading to dismissal. A district court may dismiss a complaint if a plaintiff's allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002), but the court here did not make such a finding or point to anything untruthful about Noel's submissions. In fact the changes Noel made between her first and second applications suggest that she was forthcoming with her financial information. The court's unexplained denials of Noel's properly filed applications are troubling in light of its grant of an identical application to proceed without paying fees on appeal. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (vacating dismissal of complaint where court failed to explain why it had denied plaintiff's application to proceed in forma pauperis). Noel was left in the dark about the court's rulings and what was expected of her. It cannot be that the district court bypassed the question of poverty and dismissed Noel's lawsuit for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii); *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), because it appears the complaint does state a claim, *see Carmichael v. Vill. of Palatine, Ill.*, 605 F.3d 451, 456–58 (7th Cir. 2010); *Evans v. Poskon*, 603 F.3d 362, 363–64 (7th Cir. 2010).

We are left with too little information to sustain the dismissal of Noel's complaint. Accordingly, we VACATE the dismissal and REMAND to the district court for further proceedings.