**Erica M. CHRISWELL,**
**Plaintiff–Appellee,**

v.

**James O'BRIEN, Defendant–Appellant.**

**No. 13–3692.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 28, 2014.*

Decided Sept. 3, 2014.

Before DIANE P. WOOD, Chief Judge,
FRANK H. EASTERBROOK, Circuit
Judge, KENNETH F. RIPPLE, Circuit
Judge.

**Order**

Officer James O'Brien pulled over Erica
Chriswell's car and began the process of
issuing a ticket for failure to wear a seat-
belt. O'Brien concluded that Chriswell's
license to drive had been suspended. As
he was attempting to arrest her, Chriswell
drove off. She was soon caught and even-
tually pleaded guilty to aggravated battery
and aggravated flight from a police officer.
In this suit under 42 U.S.C. § 1983, she
seeks damages on the theory that O'Brien
used excessive force before she fled. Her
convictions do not foreclose this claim.
See *Wallace v. Kato,* 549 U.S. 384, 127
S.Ct. 1091, 166 L.Ed.2d 973 (2007); *Evans
v. Poskon,* 603 F.3d 362 (7th Cir.2010). All

defendants moved to dismiss the com-
plaint; the district judge granted this mo-
tion except with respect to the claims
against O'Brien (and against the munici-
pality, for the purpose of indemnity only).
*Chriswell v. Village of Oak Lawn,* 2013
WL 5903417, 2013 U.S. Dist. Lexis 157334
(N.D.Ill. Nov. 4, 2013).

O'Brien has taken an interlocutory ap-
peal to contend that he is entitled to the
benefit of qualified immunity. He included
this defense in his motion asking the dis-
trict court to dismiss the suit against him;
when denying the motion, the judge did
not mention immunity. That omission
raises the possibility that the judge has
reserved decision on the immunity defense
and, if so, the appeal would be premature.
See, e.g., *Khorrami v. Rolince,* 539 F.3d
782 (7th Cir.2008). But the judge did not
purport to reserve decision, nor did he
indicate a plan to return to the subject.
Instead he denied O'Brien's motion out-
right. This means that we have jurisdic-
tion, see *Hanes v. Zurich,* 578 F.3d 491,
493–94 (7th Cir.2009), though we are dis-
appointed that a district judge would deny
a motion to dismiss without addressing all
of the defenses it presents.

Because the appeal arises from the de-
nial of a motion to dismiss the complaint,
we have only plaintiff's allegations to go
on. We lay out the gist of Chriswell's as-
sertions while recognizing that O'Brien
describes events differently. Further pro-
ceedings are needed to learn whose ver-
sion is correct.

Problems began when O'Brien conclud-
ed that Chriswell's driver's license had
been suspended. She claimed to have a
document showing otherwise and waved it
out her car's window. This attracted
O'Brien's attention (he had been in his car

* After examining the briefs and the record, we
have concluded that oral argument is unnec-

essary. See Fed. R.App. P. 34(a); Cir. R.
34(f).

checking on the status of her license and insurance). When he returned to Chriswell's car, he found her talking on her cell phone. She alleges that she was calling the prosecutor's office in an attempt to get the prosecutor to verify her account. O'Brien suddenly turned hostile. According to the complaint, he tried to "drag her from her vehicle" but failed because she was wearing a seatbelt; in the process he knocked the phone from her hands and "pulled on her clothing, her person and her private parts." She screamed; he became more aggressive, shaking her violently. When O'Brien began to draw his gun, Chriswell decided that she was in danger and drove away.

If this account is correct, Chriswell has a claim for relief, given the principle that an officer attempting to make a misdemeanor arrest (the most serious potential charge, driving with a suspended license, is a Class A misdemeanor in Illinois) of an unresisting person cannot use "significant" force. See *Miller v. Gonzalez*, 761 F.3d 822, 828–29, No. 11–2906 (7th Cir. Aug. 5, 2014), 2014 WL 3824318 at *6–7; *Phillips v. Community Insurance Corp.*, 678 F.3d 513, 525 (7th Cir.2012). Significant force in such a situation is unreasonable under the Fourth Amendment, which has an objective standard. See *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

O'Brien contends that he is nonetheless immune from liability, because he did not seize Chriswell. He maintains that, as a matter of law, there can be no liability unless the person is immediately taken into custody. That misunderstands what an excessive force claim entails. It is possible to use excessive force, and thus incur liability, even if the suspect escapes. A seizure occurs when the force is applied. See *California v. Hodari D.*, 499 U.S. 621, 624, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). Suppose O'Brien had shot Chris-

well in the leg, and she had succeeded in driving to a hospital to save her life from what appeared to be an effort to murder her. As O'Brien sees things, he could not be liable. No decision of which we are aware supports that absurd proposition. Police are not entitled to shoot even fleeing suspects, except to end imminent danger to the public, see *Plumhoff v. Rickard*, —— U.S. ——, 134 S.Ct. 2012, 188 L.Ed.2d 1056 (2014), and the fact that a wounded suspect continues the flight does not alter this rule. Chriswell, who was not fleeing and posed no danger to anyone when O'Brien began to use force against her, has at least as much protection as a suspect already in flight.

O'Brien also contends that no "clearly established" principle of law prevents an officer from using all the force necessary to obtain "unquestioned command over the situation" (his phrase). If that were right, however, an officer could shoot in the back an unarmed suspect fleeing on foot to avoid arrest for a non-violent misdemeanor, such as failure to pay parking tickets. The Supreme Court held otherwise in *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). It has long been clearly established that an officer's use of force is limited to what is reasonable under the circumstances; that forecloses O'Brien's contention that the officer can use as much force as he deems necessary to obtain "unquestioned command over the situation." On Chriswell's allegations, which we must accept for current purposes, no physical force at all was reasonable (O'Brien had not even asked her to get out of the car) and O'Brien's acts violated clearly established rules.

Finally, O'Brien contends that the decision of the state judiciary declining to allow Chriswell to withdraw her guilty plea entitles him to immunity. We don't see

how. All the state judges held is that Chriswell had not justified withdrawal by showing that her lawyer furnished ineffective assistance. The events of which Chriswell complains preceded her decision to drive away. That Chriswell responded unlawfully to O'Brien's use of force—a proposition established by her guilty pleas—is entirely compatible with the proposition that O'Brien applied excessive force.

AFFIRMED